```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    No.  12 C 2551
                                  )       (03 CR 77-1)
TYREE DORSEY #B-59744,            )
                                  )
              Defendant.          )
```

## MEMORANDUM OPINION AND ORDER

Because this Court's former colleague Honorable Wayne Andersen has retired, the 28 U.S.C. §2255 ("Section 2255") motion just filed by Tyree Dorsey ("Dorsey," a criminal defendant whom Judge Andersen had sentenced to a 120-month mandatory minimum custodial term) has been randomly assigned to this Court's calendar. This Court's initial screening of Dorsey's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") has disclosed beyond question that Dorsey is not entitled to relief.

Briefly, Dorsey was sentenced on April 6, 2010 (Motion ¶14.A) and seeks relief under the Fair Sentencing Act of 2010, claiming that the statute took effect retroactively (id.). As to the retroactivity of that statute, the Courts of Appeals that have dealt with the issue are divided: Our own Court of Appeals has ruled against retroactivity (United States v. Fisher, 635

F.3d 336 (7th Cir. 2011)),[1] while two other Courts of Appeals--the Third Circuit in United States v. Dixon, 648 F.3d 195 (3d Cir. 2011) and the First Circuit in United States v. Curet, 670 F.3d 296 (1st Cir. 2012)--have ruled in favor of retroactive application.[2] At this point the issue is before the Supreme Court pursuant to its grant of certiorari in Dorsey and a case consolidated with it, with argument scheduled for April 17.

But Dorsey's problem lies in his misunderstanding of the debate about retroactivity. None of the Courts of Appeals has moved the retroactivity date to operate before the date that the statute was signed into law--August 3, 2010. Curet, like Dorsey here, was sentenced before that date, and the First Circuit expressly held that the statute did not apply to him (Curet, 670 F.3d at 308). That holding was paralleled in Dixon, 648 F.3d at 203 ("We hold that the FSA requires application of the new mandatory minimum sentencing provisions to all defendants

---

[1] Certiorari has been granted by the Supreme Court on November 28, 2011 sub nom. Dorsey v. United States, No. 11-5683. That case should not be confused with this one, for the "Dorsey" there is Edward Dorsey, Sr. (whose case was coupled with that of Anthony Fisher as appellants before the Seventh Circuit in the case just cited in the text) and not Tyree Dorsey, the movant here.

[2] In addition to those two courts, the Eleventh Circuit had ruled the same way in United States v. Vera Rojas, 645 F.3d 1234 (11th Cir. 2011), but it has since vacated its opinion in anticipation of en banc consideration--see 659 F.3d 1055 (11th Cir. 2011). That Court will no doubt await the Supreme Court's resolution of the issue.

sentenced on or after August 3, 2010, regardless of when the offense conduct occurred") and in the now vacated opinion in <u>Vera Rojas</u>, 645 F.3d at 1240 ("We therefore hold that the general savings statute cannot bar application of the FSA to sentencings conducted after its August 3, 2010 enactment").

In short, if the Supreme Court goes along with the decision of our own Court of Appeals, Dorsey is dead in the water because of the one-year limitation period imposed on Section 2255 motions by Section 2255(f). And on the most favorable assumption available to Dorsey--that the Supreme Court's ruling will conform instead to the decisions of the other two Courts of Appeals referred to in this opinion--the same result obtains because the Fair Sentencing Act still does not apply to him.

All of that being so, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" (Section 2255 Rule 4(b)). That same Rule 4(b) mandates dismissal of Dorsey's motion. This Court so orders.

                                                        _____
                                                        Milton I. Shadur
                                                       Senior United States District Judge

Date: April 12, 2012